PEOPLE v PURIFOY

CRIMINAL LAW—PLEA OF GUILTY—CONSTITUTIONAL RIGHTS—ADVICE
OF RIGHTS.

> Defendant's plea of guilty was not knowingly and understand-
> ingly made where the trial judge failed to inform him specifi-
> cally of his constitutional rights against self-incrimination and
> to confront his accusers where his plea of guilty was entered
> after the June 2, 1969, United States Supreme Court decision
> requiring a trial court to enumerate to a criminal defendant
> his constitutional rights prior to taking his guilty plea.

Appeal from Kalamazoo, Wade Van Valkenburg,
J. Submitted Division 3 February 9, 1972, at Lans-
ing. (Docket No. 11035.) Decided May 25, 1972.

Ronald J. Purifoy was convicted, on his plea of
guilty, of larceny in a building. Defendant appeals.
Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Donald A. Burge,*
Prosecuting Attorney, and *Stewart D. Fenner, Jr.,*
Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender,
and *Jane Burgess,* Assistant State Appellate De-
fender, for defendant.

Before: McGREGOR, P. J., and LEVIN and TAR-
GONSKI,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 357, 367.

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

TARGONSKI, J. Defendant was charged with having, on April 20, 1969, stolen a colored television set from Hadley Hall of Western Michigan University. The formal charge was larceny in a building, MCLA 750.360; MSA 28.592. On September 21, 1969, while represented by counsel, defendant withdrew his original plea and pled guilty to the crime as charged. The detailed elements of the offense are not material to the disposition of the matters raised on appeal.

The sole issue before us is the question of whether the trial court committed error in not specifically enumerating to the defendant his constitutional right against self-incrimination and that his guilty plea constituted a waiver of his right to confront his accusers at trial in violation of the outline of the three Federal constitutional rights spelled out in *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969). The issue of the necessity of spelling out to the defendant prior to taking his plea of all three constitutional rights cited in *Boykin* has been disposed of in this jurisdiction by the Supreme Court opinion in *People v Jaworski,* 387 Mich 21 (1972), in the affirmative. The only question is the applicability of *Boykin* in light of the language of *Jaworski* which specifically states that the principles enunciated are *prospective,* not *retrospective.* (Emphasis added.)

The plea in the instant case was taken September 21, 1970. The *Boykin* decision was issued June 2, 1969. Applying these same principles as to *prospective v retrospective* as enunciated in *Jaworski* we conclude that the defendant's constitutional rights were violated and that the plea under the circumstances was not understandingly made since he could not waive constitutional rights that were

not specifically called to his attention *knowingly* and *understandingly* in the absence of such advice. *People v Jaworski, supra.*

Reversed and remanded for new trial in accordance with the principles set forth above.

All concurred.